FILED
MAY 0 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Garland Walton
FCI Waseca
P.O. Box 1731
Waseca, MN 56093
Reg. No. 03516-025
    Plaintiff,

    v.

Federal Bureau of Prisons,
Harley G. Lappin, Director of the FBOP
and Jenny Jones, Case Manager at FCI Waseca
Harrell Watts, Administrator, National Inmate Appeals
in their individual and official capacities
    Defendants

Case: 1:07-cv-00837
Assigned To : Friedman, Paul L.
Assign. Date : 05/07/2007
Description: PRO SE GEN. CIVIL

JURY TRIAL REQUESTED

## COMPLAINT

**A. JURISDICTION**

This court has jurisdiction pursuant to Title 28 U.S.C. §1331 (federal question); Title 5 U.S.C. §702 (waiver of sovereign immunity, see <u>Jasperson v. Federal Bureau of Prisons</u>, 460 F. Supp. 2d 76, 83 [D.D.C. 2006]); Title 20 U.S.C. §1361 (mandamus); Title 28 U.S.C. §2201 (declaratory relief).

**B. PARTIES**

1. Plaintiff Garland Walton is a prisoner at FCI Waseca, Waseca, MN.

2. Defendant Federal Bureau of Prisons is a federal government agency, headquartered in Washington, D.C.

3. Harley G. Lappin is the Director of the FBOP in Washington, D.C. He is being sued in his official capacity only.

4. Jenny Jones is an employee of the FBOP and is a case manager at FCI Waseca, Waseca, MN. She is being sued in bother her individual and official capacity.

RECEIVED
APR 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

5. Harrell Watts is an employee of the FBOP, Administrator, National Inmate Appeals, Washington, D.C. He is being sued in both his individual and official capacity.

## C. STATEMENT OF CLAIMS

COUNT I

1. Plaintiff is a prisoner at FCI Waseca serving a 27-month sentence for a supervised release violation.

2. Title 18 U.S.C. §3624(c) provides for pre-release custody and mandates that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, or the last 10 per centum of the term to be served under conditions that afford a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

3. Plaintiff's sentence will expire on September 19, 2007.

4. Defendant Jenny Jones is Plaintiff's Case Manager at FCI Waseca.

5. Defendant Jenny Jones made the decision to **not** allow Plaintiff to spend any of his sentence in conditions that will afford Plaintiff a reasonable opportunity to adjust to and prepare for his re-entry into the community.

6. The FBOP interprets the phrase "conditions that will afford a reasonable opportunity to adjust and prepare for the prisoner's re-entry into the community" found in 18 U.S.C. §3624(c) to mean a halfway house, also known as a Community Correction's Center (C.C.C.)

7. Defendant Harrell Watts approved of Defendant Jenny Jones' decision to deny Plaintiff a transfer to a C.C.C.

8. Plaintiff had made it known to Defendants Jones and Watts that he is indigent, has no money, no clothing, no job, no home, no place to live, no vehicle, no assets, and no property.

9. Plaintiff was released from FCI Greenville on September 14, 2004. His Case Manager at FCI Greenville had recommended a 6-month halfway house placement; Plaintiff was transferred to a halfway house for the last 6 months of his sentence, which he successfully completed in March of 2005, including over 2 months on home confinement.

10. Defendant Jones denied Plaintiff any time in a halfway house based, in part, on the fact that Plaintiff refused to complete a Release Preparation Program (RPP).

11. Defendant Watts' sanctioning of Defendant Jones' decision to deny Plaintiff a transfer to a halfway house was based, in part, on the fact that Plaintiff refused to complete a Release Preparation Program.

12. Plaintiff has _not_ refused to complete a Release Preparation Program. In fact, on October 25, 2006, Plaintiff completed a Mock Job Fair, and in January of 2007 he completed three RPP programs. Plaintiff is scheduled to take Budgeting in March of 2007, his final RPP class.

13. Both Defendants Jones and Watts knew that in fact Plaintiff was participating in RPP. In Plaintiff's Request for Administrative Remedy (BP-10) he stated, "Also, Ms. Jones was incorrect in stating that I had refused to RPP." The BP-10 was attached to and incorporated into the BP-11, which Defendant Watts denied.

14. On August 18, 2006, Case Manager P. Agrimson, RPP Seminar Coordinator, sent a document to Plaintiff stating that he was in the Release Preparation Program.

15. Defendants Jones and Watts based their decisions - regarding the denial of halfway house to Plaintiff - on incorrect facts.

16. Defendants Jones and Watts had the authority to place Plaintiff in a halfway house to serve the last 6 months of his sentence.

17. Plaintiff exhausted his administrative remedies in regards to this count.

COUNT II

18. Facts 1-17 from COUNT I are realleged herein.

19. Defendant Jones' decision to deny Plaintiff any halfway house time was based upon Plaintiff being an African-American.

20. Defendant Jones' discrimination against Plaintiff on the basis of his race.

D. **REQUEST FOR RELIEF**

Wherefore, Plaintiff requests the following relief:

1. A declaratory judgement holding that Plaintiff has not refused to complete a Release Preparation Program.

2. An Order compelling Defendants Jones and Watts to reconsider Plaintiff for halfway house placement based upon Plaintiff not refusing to participate in the Release Preparation Program.

3. Injunctive relief against Defendant Lappin to require the FBOP to take Plaintiff's lack of resources into account in determining halfway house placement, and prohibiting the FBOP from denying Plaintiff halfway house placement based upon him refusing to participate in the Release Preparation Program.

4. Compensatory damages of $25,000 against Defendants Watts and Jones.

5. Punitive damages of $25,000 against Defendant Jones.

6. Any other relief that PLaintiff is entitled to.

7. A trial by jury.

Respectfully submitted,

*Garland Walton*

Garland Walton
Plaintiff <u>Pro se</u>

Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Admin Remedy Number:** 421053-R1

This is in response to your Regional Administrative Remedy Appeal dated September 5, 2006, in which you appeal the denial of your Residential Re-entry Center (RRC) placement. You have asked that you be afforded the opportunity to receive 180-days RRC placement, or a minimum of 90-days placement.

We have reviewed your appeal and determined the Warden's response adequately addresses your concerns. In accordance with Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures</u>, inmates who pose a significant threat to the community may be ineligible for participation in an RRC. As previously advised, you were denied RRC placement based on your prior criminal history. You were also unsuccessful in completing your term of supervision. Specifically, you moved several times without notifying the United States Probation Officer (USPO), and with the Public Safety Factor of Sex Offender you moved into a relative's home in which a child under the age of 13 also resided. Moreover, you did not maintain employment or report changes of employment status to the USPO, and you failed scheduled drug tests which resulted in a warrant for your arrest being issued. Institution staff have acted in accordance with agency policy, and the institution's decision is supported.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

10-4-06
Date

Michael K. Nalley, Regional Director

Administrative Remedy No. 421053-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you request staff reconsider the length of a Residential Reentry Center (RRC) placement and recommend you for a period of 180 days.

Our review reveals the Warden and Regional Director adequately responded to the issues you raised in your appeal. A number of factors must be considered when recommending the length of a RRC placement, including the inmate's release needs, community safety, prior criminal record, escape behavior, as well as current offense behavior. As noted in your response from the Warden, you arrived at your current institution on January 31, 2006, for service of your supervised release violation term. You met with your until team for your initial classification on February 9, 2006. You were advised at the meeting RRC consideration would be addressed at your program review set for August 3, 2006, based on your projected release date of September 19, 2007, via Good Conduct Time.

Based on your lengthy history of serious violence, sexual misconduct, intimidating behavior toward your victims, failure to abide by the conditions of your supervised release term, and refusal to complete the RPP, your unit team recommends denial of RRC placement. We find the Warden's decision appropriate.

This response is provided for informational purposes only.

_January 4, 2007_
Date

Harrell Watts, Administrator
National Inmate Appeals

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

Re:   **GARLAND WALTON**   v. **FEDERAL BUREAU OF PRISONS, ET AL.,**

Civil Action No. _____

I, **GARLAND WALTON**   #   **03516-025**   , hereby consent for the appropriate prison official to withhold from my prison account and to pay the U.S. District Court an initial fee of 20 percent of the greater of:

(a)   the average monthly deposits to my account for the six-month period immediately preceding the filing of my complaint; or

(b)   the average monthly balance in my account for the six-month period immediately preceding the filing of my complaint.

I further consent for the appropriate prison officials to collect from my account on a continuing basis each month, an amount equal to 20 percent of each month's income. Each time the amount in the account reaches $10, the Trust Officer shall forward the interim payment to the Clerk's Office, U.S. District Court, until such time as the $350.00 filing fee is paid in full.

If appropriate, I will execute the institution consent form where I am housed, which will permit the staff to withdraw the amount ordered by this court as payment for the filing fee each month until the $350.00 filing fee is paid in full.

By executing this document, I also authorize collection, on a continuing basis, any costs imposed by the District Court.

_____
Signature of Plaintiff

n:\forms\Trust Account Form

F
07-0837
PLF

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Garland Watson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se DC

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 03516-025

## DEFENDANTS
BOP, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:07-cv-00837
Assigned To : Friedman, Paul L.
Assign. Date : 05/07/2007
Description: PRO SE GEN. CIVIL

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD
         NCS

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd