Garland Walton 03516-025
FCI Waseca
P.O. Box 1731
Waseca, MN  56093

RECEIVED
AUG - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

GARLAND WALTON,

    Plaintiff, pro se

v.       Civil No. 07-0837 (PLF)
                           07-00746 (PLF)

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants

PLAINTIFF'S OPPOSITION TO DEFENDANTS'

MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

    Plaintiff Garland Walton, proceeding pro se, hereby files his response in opposition to Defendants' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.

I. Dual Case Numbers

    At the outset Plaintiff addresses the fact that two case numbers are assigned. Plaintiff's initial complaint was single-spaced, and the Clerk sent it back to him — after assigning a case number — to be retyped double-spaced. When Plaintiff resubmitted the complaint double-spaced, the Clerk assigned a second case number.

II. Summary Judgment cannot be entered without affording Plaintiff

    Discovery.

    Plaintiff objects to an entry of Summary Judgment without being afforded any opportunity for discovery. Plaintiff requests that he be allowed to conduct discovery before this Court entertains and motion for Summary Judgment.

- 1 -

III. Service upon Defendant Jones

Defendant contends that Defendant Jones must be dismissed from this case because she was not properly served pursuant to Fed. R. Civ. P. 4. Plaintiff's position is that the U.S. Marchals were ordered to serve Jones and this court should see that this Order is carried out. Dismissal is inappropriate.

IV. The Defendants do not have sovereign immunity

Plaintiff has filed claims against an agency (B.O.P.) and against persons in both their individual and official capacities. As part of his relief requested against the individual defendants in their <u>official capacities</u> he seeks injunctive and declaratory relief. These are <u>non-monetary</u>. As such, sovereign immunity is waived pursuant to Title 5 U.S.C. §702, and this Court has jurisdiction pursuant to Title 20 U.S.C. §1331.

So far as the claims against the defendants in their individual capacities, the Court has jurisdiction under 28 U.S.C. §1331, as this is a <u>Bivens</u> action. The defendants either discriminated against plaintiff on the basis of his race, or enforced a policy of racial discrimination, or turned a blind eye to staff discrimination, and in doing so placed their imprimatuR on discrimination against plaintiff. The evidence in this case will prove that plaintiff was initially denied halfway house time altogether because he is a black man. Further, the reason that he is only receiving 30 days in a halfway house is because he is a black man. The following caucasian inmates all received or were offered more halfway house time than Plaintiff was initially.

Robbie Barton, 17617-074; David Sagert, 08778-029; Tim Greenlee, 08579-030; Shane Johnson, 07002-046; Donald Hines,

07109-030; Richard James, 08806-045; Brett Powell, 10310-021.

Plaintiff's claim is simple: he is being discriminated against, the defendants all know this, they have the authority and duty to prevent it, and they have failed in their duty. Keep in mind that plaintiff was initially denied any halfway house time, and this denial was upheld at the highest level. Plaintiff will prove that the basis for this denial — plaintiff was refusing Release Preparation Programming — was a total fabrication. Even after plaintiff repeatedly pointed out that he had not only <u>not</u> refused programming, but in fact <u>was</u> programming, defendants continued to take the spurious and untenable position that plaintiff was refusing Release Preparation Programming. This position was not based upon any facts or reality. This position was a fabrication to discriminate against plaintiff of the basis of his race.

V. This case is not moot simply because the B.O.P. is now granting Plaintiff a measly 30 days halfway house

Defendants argue that this case is moot because plaintiff has now been granted 30 days halfway house. Under defendants' logic if the defendant had a practice of granting caucasian prisoners 6 months in a halfway house while only granting black prisoners 30 days in a halfway house, any lawsuit which the black prisoners filed would be moot, since the black prisoners did receive 30 days halfway house (never mind that caucasians receive 6 months). This is absurd. Even if defendants ceased their racist and discriminatory practices since the complaint in this action was filed, <u>this</u> complaint is not moot. Furthermore, plaintiff alleges that defendants (including the B.O.P.) violated a statutory command to take into account the individualized factors as enumerated in 18 U.S.C. §3621(b) when it initially

- 3 -

denied him any halfway house time, and again when it granted him a measly 30 days. Such a claim is cognizable. See <u>Jasperson v Federal Bureau of Prisons</u>, 460 F. Supp. 2d 76 (D.D.C. 2006). The Bureau did take one factor into account, that factor being that plaintiff is a black man. However, this factor was not constitutionally permissible.

VI. This Court has personal jurisdiction and venue over Defendant Jones

This Court has jurisdiction over Defendant Jones in her individual capacity pursuant to 28 U.S.C. §1331 (Bivens) and in her official capacity pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201, with sovereign immunity waived pursuant to 5 U.S.C. §702. This Court has venue pursuant to 28 U.S.C. §1391(e)(2). A substantial part of the events or omissions giving rise to the claim occurred in Washington, D.C. Specifically, Defendant Jones, as part of her discrimination against plaintiff, fabricated a justification for completely denying plaintiff any time in a halfway house (that fabrication being that plaintiff has refused Release Preparation Programs). She then included this mendacious fabrication in an official document, the denial of plaintiff's request for administrative remedy. It was reasonably foreseeable to her that this fabrication would make its way to Washington, D.C., when plaintiff filed the last part of his administrative remedy request, <u>and</u> that officials in Washington, D.C. might rely on the false information that she provided. In fact, Harrell Watts did allegedly base his denial of the administrative remedy request on the false information that Defendant Jones provided.

When a government employee falsifies information, and then includes that false information on a document, if the employee should

- 4 -

reasonably foresee (1) that the document will end up on the desk of another government employee in Washington, D.C., and (2) that the employee in Washington, D.C. will rely on that information, then venue is appropriate in Washington, D.C.  In this case Defendant Jones knowingly included false information on a document (she did this because plaintiff is black).  Jones is familiar with the administrative remedy procedure, and knows (1) that the document with the false information must be attached to all administrative remedy appeals, and (2) that the last step in the administrative remedy appeal process takes place in Washington, D.C.  It is reasonably foreseeable to her that the false information will be used, to plaintiff's detriment.  The information was used to plaintiff's detriment.  For these reasons venue is proper in this Court.

VII. The fact that plaintiff filed a §2241 petition does not moot this case

Plaintiff's §2241 petition does not moot this case.  Plaintiff is seeking relief for the racial discrimination he was subjected to.  This includes monetary and non-monetary relief.  The §2241 petition, although related to the claims in the complaint, serves to attack the execution of his sentence.

VIII. Plaintiff is not challenging the accuracy of the B.O.P.'s record keeping

Plaintiff is not challenging the accuracy of the B.O.P.'s record keeping.  he claims that B.O.P. employees discriminated against him based upon his race, and/or turned a blind eye to such discrimination when they had a duty to intervene.  Such a claim is not a Privacy Act claim.

IX. Defendant Watts is liable for allowing the discrimination to continue

In plaintiff's request for administrative remedy he notified Defendant Watts that the reason that was being used to deny him halfway house time was a fabrication, and that the real reason for the denial was because plaintiff is black. Defendant Watts chose to turn a blind eye to the discrimination. If Watts had performed so much as a perfunctory investigation — as his job required — the fabrication would have been exposed. it is entirely possible that Watts _did_ perform a perfunctory investigation and the fabrication was exposed, yet Watts allowed the racial discrimination to persist. So either he performed no investigation — since even a perfunctory investigation would have revealed the fabrication — and turned a blind eye to the claim of discrimination, or he performed an investigation, discovered the fabrication, and turned a blind eye to the discrimination. Either way Watts is liable.

## CONCLUSION

Summary judgment cannot be entered because plaintiff has had no opportunity to conduct discovery. This Court should Order the U.S. Marshalls to serve Defendant Jones. All of the plaintiff's claims are cognizable, and this Court has jurisdiction to entertain them.

Respectfully submitted,

*Garland Walton*
Garland Walton
Plaintiff, pro se

CERTIFICATE OF SERVICE

I certify that on August 3, 2007, I mailed a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/ MOTION FOR SUMMARY JUDGMENT to the following parties, be depositing same, postage paid, in the U.S. Mails.

U.S. Attorney

555 4th St., NM Rm E-4110

Washington, D.C.  20530

*Garland Walton*
Garland Walton
Plaintiff, pro se